UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FONJECK ERIC AZOH,<br><br>Defendant. | No. 21-CR-412 |

## STATEMENT OF THE OFFENSE

1. Defendant FONJECK ERIC AZOH resided in Mount Rainier, Maryland.

2. Walmart, Inc., is one of the largest retailers in the world. Walmart operates a money service business called "Walmart2Walmart" which provides a low cost means for customers to send and receive cash from any of Walmart Inc.'s 4,700 U.S. stores. Walmart provides this service through a collaboration with well-established money transfer businesses, MoneyGram and Ria.

3. Between in or about January 2019 and continuing thereafter until in or about October 2020, in the District of Columbia and elsewhere, FONJECK ERIC AZOH devised and executed a scheme to defraud various strangers: that is, he offered pit-bull puppies for sale on the internet using various websites.

4. As part of the scheme and conspiracy,

   a. AZOH agreed to sell puppies to his victims living throughout the United States even though AZOH and his co-conspirators never intended to deliver the agreed-upon puppy to the victims.

  b. AZOH directed victims to send money to him through money transfer businesses like MoneyGram and Ria which AZOH could collect at Walmart stores located in the District of Columbia and elsewhere.

  c. After AZOH had collected an initial up-front payment from the victims, AZOH would tell the victims that the victims should send more money to AZOH to cover purported costs and expenses, which were fraudulent.

  d. AZOH collected the proceeds of the scheme via MoneyGram and Ria transfers at Walmart stores located in the District of Columbia and elsewhere.

5. On or about the following dates AZOH directed victims of his scheme to transfer money to AZOH via the interstate wires which AZOH collected at a Walmart store located in the District of Columbia. On each of these dates, AZOH presented a false identification document with an authentication feature which appeared to be genuine (but was not) in order to collect the funds transferred to him by the victims:

| DATE | TRANSMISSION IN INTERSTATE AND FOREIGN COMMERCE |
|---|---|
| March 18, 2020 | Money transfer from a victim of the scheme to AZOH in the District of Columbia in the amount of $870. |
| March 21, 2020 | Money transfer from a victim of the scheme to AZOH in the District of Columbia in the amount of $1,200 |
| March 22, 2020 | Money transfer from a victim of the scheme to AZOH in the District of Columbia in the amount of $610 |
| March 13, 2020 | Money transfer from a victim of the scheme to AZOH in the District of Columbia in the amount of $570 |

| DATE | TRANSMISSION IN INTERSTATE AND FOREIGN COMMERCE |
|---|---|
| May 22, 2020 | Money transfer from a victim of the scheme to AZOH in the District of Columbia in the amount of $830 |
| May 24, 2020 | Money transfer from a victim of the scheme to AZOH in the District of Columbia in the amount of $500 |
| June 13, 2020 | Money transfer from a victim of the scheme to AZOH in the District of Columbia in the amount of $835 |
| July 15, 2020 | Money transfer from a victim of the scheme to AZOH in the District of Columbia in the amount of $950 |
| July 25, 2020 | Money transfer from a victim of the scheme to AZOH in the District of Columbia in the amount of $500 |
| August 1, 2020 | Money transfer from a victim of the scheme to AZOH in the District of Columbia in the amount of $580 |
| August 18, 2020 | Money transfer from a victim of the scheme to AZOH in the District of Columbia in the amount of $490 |
| August 18, 2020 | Money transfer from a victim of the scheme to AZOH in the District of Columbia in the amount of $400 |
| August 21, 2020 | Money transfer from a victim of the scheme to AZOH in the District of Columbia in the amount of $260 |
| August 22, 2020 | Money transfer from a victim of the scheme to AZOH in the District of Columbia in the amount of $900 |

6.      In total, AZOH collected the proceeds of his scheme on no less than 282 different transactions at Walmart stores. AZOH directly received no less than $158,000 in fraudulent transfers from at least 119 different victims who lived in 40 different states. The average loss to each of those 119 victims was approximately $650.

### Limited Nature of Statement of Offense

This proffer of evidence is not intended to constitute a complete statement of all facts known by AZOH or the government. Rather, it is a limited statement of facts intended to provide the minimal necessary factual predicate for the defendant's guilty plea.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney

By: /s/ John Borchert

JOHN W. BORCHERT (Bar No. 472824)
Assistant United States Attorney
Fraud Section
555 Fourth Street, NW
Washington, D.C. 20530
(202) 252-7679
john.borchert@usdoj.gov

August 11, 2021

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of the Offense. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, after consulting with my attorney, John O. Iweanoge II, Esq., I agree and stipulate to this Statement of Offense. The Statement of Offense is a summary made for the purpose of providing the Court with a factual basis for my guilty plea. It does not include all of the facts known to me regarding these offenses. I, Fonjeck Eric Azoh, make this statement knowingly and voluntarily and because I am in fact guilty of the crime to which I am pleading guilty.

Dated: 08/19/2021

FONJECK ERIC AZOH, Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read this Statement of the Offense, and have reviewed it with my client fully. I concur in my client's desire to adopt and stipulate to this Statement of the Offense.

Dated: 08/19/2021

JOHN O. IWEANOGE II, ESQ.
Attorney for Fonjeck Eric Azoh