IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| V. | * | Criminal No: 1:21-CR-00412-001 |
| | * | Sentencing: 11/17/21 @ 2:00pm |
| **FONJECK ERIC AZOH** | * | Judge: Carl J. Nichols |
| | * | |
| Defendant(s). | * | |
| _____ | * | |

### POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS AND DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

**COMES NOW**, Defendant, **FONJECK ERIC AZOH**, by and through, John O. Iweanoge, II, and THE IWEANOGES FIRM, P.C., his attorneys, and submits this position of the defendant with respect to sentencing factors, pursuant to this Court's policy regarding procedures to be followed in Guidelines Sentencing, and in accordance with section 6A1.2 of the United States Sentencing Guidelines. His sentencing memorandum is also incorporated hereto.

### DEFENDANT'S OBJECTIONS AND/OR EXCEPTION TO PSR

Defendant does not have any legal and/or factual objections and/or exceptions to the Presentence Investigation Report.

### VARIANCE AND/OR DEPARTURE BASED ON ILLEGAL ALIENAGE

Defendant agrees with Page 20, Paras. 108-111 of the PSR, because defendant's illegal alienage which makes him a deportable alien, could be grounds for departure. A departure may be warranted if the defendant is a deportable alien. According to *United States vs. Renford George Smith*, 27 F. 3d 649 (D.C. Circuit 1994); *United States vs. Gideon Cassells*. 66 F.3d 377 (4th Cir. W.Va. 1995), a departure from the federal sentencing guideline may be warranted for a deportable alien since a period of incarceration is harsher for illegal aliens as they are not entitled to privileges available to United States citizens, pursuant to the Bureau of Prison Guidelines.

The Federal Sentencing Guideline Manual Ch. 1, Pt. A. § 2 states that 'If…a particular case presents a typical feature, the Act allows the court to depart from the guidelines and sentence outside the prescribed range."

In *Smith* 27 F. 3d at 655 the Court held that "a downward departure may be appropriate where the defendant as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence."

Mr. Azoh's status as a "deportable alien renders him ineligible for benefits of 18 U.S.C. § 3624(c), which directs the bureau of prisons, to the extent practicable, to assure that prisoners spend part of the last 10% of their sentences under conditions (possibly including home confinement) that will afford the prisoner a reasonable opportunity to adjust and prepare for reentry into the community. '*Id at 654*. The Bureau of Prisons regulations bar Mr. Azoh (non-United States citizen) from assignment to a community corrections center except in what appear to be rare circumstances. See Federal Bureau of Prisons, Program Statement 5100.04: Security Designation and Custody Classification Manual, Ch. 2-9 (June 15, 1992). *Id at 651*.

The Bureau of Prison policy will prevent Mr. Azoh from being assigned to serve any part of his sentence in a minimum-security prison, unlike a United States citizen. Mr. Azoh "a deportable alien will be assigned to a more drastic prison than otherwise solely because his escape would have the extra consequence of defeating his deportation." *Id at 655*. Therefore, Mr. Azoh's status as a deportable alien would have clearly generated increased severity and thus a proper subject of a departure." *Id*. The court in *Cassells* 66 F. 3d 317, also indicated that the district court has discretion to depart from the Federal Sentencing guidelines based on the above-mentioned reasons. *See also* 18 U.S.C. § 3553(f). Accordingly, any sentence within the Guidelines range would be far greater

than necessary to achieve the 3553 sentencing goals, and Mr. Azoh submits that a variant sentence is warranted in this case.

## VARIANCE AND/OR DEPARTURE BASED ON PHYSICAL CONDITION

Defendant agrees with page 21, para. 111 that as a result of the Presentence Investigation, the probation office has identified that the Court may consider as grounds that may warrant a variance Mr. Azoh's physical health condition, that is, his recent recovery from cancer as mitigating factor under 18 USC § 3553(a). Accordingly, any sentence within the Guidelines range would be far greater than necessary to achieve the 3553 sentencing goals, and Mr. Azoh submits that a variant sentence is warranted in this case.

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

*"[S]urely, if ever a man is to receive credit for the good he has done, and his immediate misconduct assessed in the context of his overall life hitherto, it should be at the moment of his sentencing, when his very future hangs in the balance."*[1] Mr. Azoh respectfully submits this memorandum requesting that the Court consider his entire life and all that he has done in contemplating a sentence "sufficient but not greater than necessary" to satisfy all of the statutory purposes of sentencing.

## THE COURT MUST IMPOSE A SENTENCE "SUFFICIENT BUT NOT GREATER THAN NECESSARY" TO COMPLY WITH THE PURPOSES OF 18 U.S.C. § 3553

As the Court is well aware, the guidelines are now advisory only, that is, one among a **number of factors to be weighed by the sentencing court**. *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Price*, 409 F.3d 436, 443 (D.C. Cir. 2005) (noting that *Booker* excised

---

[1] *United States v. Adelson*, 441 F. Supp.2d 506 (S.D.N.Y. 2006) ("This elementary principle of weighing the good with the bad, which is basic to all the great religions, moral philosophies, and systems of justice, was plainly part of what Congress had in mind when it directed courts to consider, as a necessary sentencing factor, 'the history and characteristics of the defendant'.")

3

mandatory Guidelines provision of 18 U.S.C. § 3553(b) but that § 3553(a)'s specification of factors that guide federal sentencing, including application of Guidelines, remains in effect). As the *Price* Court stated, "[t]hese factors include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence and to provide the defendant with needed educational or vocational training, any pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted disparities among similarly situated defendants, and the need to provide restitution to any victims." *Id.* at 442 (citing § 3553(a)).

The most important consideration for the District Court in sentencing Mr. Azoh must be the directive of Congress to "impose a sentence sufficient but not greater than necessary, to comply with [the purposes of sentencing]". 18 U.S.C. § 3553(a). *See e.g.*, *United States v. Minisro-Tapia* 470 F.3d 137, 142 (2d Cir. 2006); *United States v. Yopp*, 453 F.3d 770, 774 (6th Cir. 2006); *United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 770 (9th Cir. 2006); *United States v. Ranum*, 353 F. Supp.2d 984, 986 (E.D.Wis. 2005). While the standard on appeal is whether the sentence is reasonable, that is <u>not</u> the standard for the District Court. *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006) ("a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2). Reasonableness is the *appellate* standard of review in judging whether a district court has accomplished its task."); *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2). Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task").

It is clear that in the post-Booker world of advisory Guidelines, the sentencing judge has broad discretion to impose a non-Guidelines sentence where appropriate after considering the

pertinent § 3553(a) factors. As articulated recently by the Second Circuit, "[a]lthough the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all of the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness." *United States v. Jones*, 460 F.3d 191, 195 (2nd Cir. 2006) (upholding non-Guidelines sentence of 15 months' imprisonment, which was 15 months below bottom of applicable range).

## ARGUMENT

After determining the sentence under the Guidelines, a District Court has a statutory duty to consider factors independent of the Guidelines in arriving at a final sentence that is in compliance with the sentencing mandate of §3553(a). Given the factors under §3553(a) present in this case, it is apparent that the Guidelines sentence for Mr. Azoh is substantively unreasonable. After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing judge must consider all relevant §3553(a) factors, including the applicable guideline range. Mr. Azoh recognizes that because the Guidelines are advisory, the sentencing court has full discretion to impose a sentence independent of the Guidelines, but within the statutory range. *United States v. Hughes*, 396 F.3d 374, 377-78 (4th Cir. 2005); *Kimbrough v. United States*, 552 U.S. 85, 570, 128 S.Ct. 558, 169 L. Ed. 2d 481(2007); *Gall v. United States*, 128 S.Ct. 586, 597 n.6 (2007). He further recognizes that a district court's discretion to impose a statutory sentence outside the Guidelines is extremely broad and the resulting sentence will be upheld "as long as it is within the statutorily prescribed range and is reasonable." *Hughes*, 396 F.3d at 378; see also *United States v. Iskander*, 407 F.3d 232 (4th Cir. 2005); *United States v. Pierce*, 409 F.3d 228 (4th Cir. 2005); *United States v.*

*Riggs*, 410 F.3d 136 (4th Cir. 2005). However, Mr. Azoh contends that his guideline sentence is unreasonably lengthy, because it does not comply with the sentencing mandate of §3553(a).

### A. The §3553(a) Sentencing Mandate

When sentencing a defendant, a district court is bound to follow the dictates of 18 U.S.C. §3553(a). Section 3553(a) is comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of §3553(a) and the "factors" to be considered in fulfilling that mandate. Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the advisory guideline range;
(5) any pertinent policy statements issued by the Sentencing Commission;
(6) the need to avoid unwarranted sentence disparities; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a). Neither the statute itself nor *Booker* suggests that any one of these factors is to be given greater weight than any other factor. *Booker*, 543 U.S. at 245-46. However, all factors are subservient to §3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

The overriding principle and basic mandate of §3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in §3553(a)(2). This is the so-called "parsimony provision," which requires district courts to impose the minimum punishment needed to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. *See United States v.*

6

*Williams*, 475 F.3d 468, 476-77 (2nd Cir. 2007); *United States v. Ferguson*, 456 F.3d 660, 667 (6th Cir. 2006); *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989). While district courts must in all cases "consider" the guideline range, *Booker*, 543 U.S. at 245-46, the guidelines do not subordinate the other factors in §3553(a). Rather, it is the parsimony provision that serves as "the guidepost for sentencing decisions post-*Booker*." *United States v. Ferguson*, 456 F.3d 660, 667 (6th Cir. 2006).

  **B.**   **Sentencing Pre-*Rita***

  Justifying a sentence outside the range does not require canvassing all the factors set forth in § 3553(a), "' it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005)). A sentence is reasonable if imposed "for reasons that are logical and consistent with the factors set forth in 3553(a)." *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005). In *United States v. Kicklighter*, 413 F.3d 915, 917 (8th Cir. 2005), the court upheld a sentence imposed, after considering the guidelines, that was 68 months below the bottom of the advisory guidelines range, based upon the defendant's having been "off drugs" for two years, and "holding a job, and supporting a family." The court in *Kicklighter* found that the sentence reflected the "factors in 18 U.S.C. §3553(a)." *Id.*

  The Court's exercise of sentencing discretion to impose a sentence well below the guidelines range in this case is supported by two other statutory sentencing provisions. Under 18 U.S.C. § 3661, which was expressly endorsed by the *Booker* majority, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence." Moreover, 18 U.S.C. § 3582 directs that in determining whether to impose a

sentence of incarceration, sentencing courts "shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation."

Taken together, the directives of *Booker*, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that this Court may consider all relevant sentencing factors, including prohibited Guidelines departure factors, in fashioning an individualized sentence in this case. *See United States v. Gomez*, 431 F.3d 818, 825 (D.C. Cir. 2005) ("[i]f *Booker*'s rendering the Guidelines discretionary means anything, it must give a district judge greater latitude on these [prohibited departure] issues than did *Koon v. United States*, 518 U.S. 81 (1996)]." The decision in *United States v. Serrata*, 425 F.3d 886 (10th Cir. 2005), is also instructive on this point. In that case, in pre-*Booker* sentences, the district court had granted each of three defendants a five-level downward departure for **factors such as family ties and responsibilities, employment record, community support, lack of a criminal record, and civic and public service**. Although the court of appeals held that those prohibited factors were not sufficiently unusual or exceptional to justify the departures, it held that these same factors <u>were</u> relevant under §3553(a) to the district court's consideration, on remand, of whether a post-*Booker* sentence below the advisory Guidelines range was appropriate. *Id.* at 910-15, 918-20. The court noted that there "appears to be tension among the statutes and the guidelines . . . [b]ut, in the wake of *Booker*, the incongruity diminishes as *sentencing judges are encouraged to exercise their discretion*." <u>Id.</u> at 918-19 (emphasis added).

    C.    **Sentencing Post-*Rita***

Not long ago, the Supreme Court held that a guideline sentence may, on appellate review, be presumed reasonable. But that presumption "applies only on appellate review." *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2463, 168 L.Ed. 2d 203 (2007). Importantly, "the sentencing

court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply". *Rita*, 127 S.Ct. at 2465. The *Rita* Court was careful to note that, although the courts of appeals may presume reasonable a within guideline sentence, they may not presume a non-guideline sentence to be unreasonable, and district courts need not impose sentences greater than they believe necessary out of fear of reversal. *Id* at 2467.

According to the Supreme Court, the sentencing judge, after determining the guideline range, may decide that the guideline sentence:

> should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, U.S.S.G. §5K2.O, perhaps because the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or perhaps because the case warrants a different sentence regardless. *See* Rule 32(f).

*Rita*, 127 S.Ct. at 2465. The Court clarified that any "presumption" of substantive reasonableness is not a "presumption" as generally defined. *Rita*, 127 S.Ct. at 2463. The presumption of reasonableness permitted by *Rita* "is not binding. It does not, like a trial-related evidentiary presumption, insist that one side, or the other, shoulder a particular burden of persuasion or proof lest they lose their case." *Rita*, 127 S.Ct. at 2463. Instead, the presumption of reasonableness merely "reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, both the sentencing judge and the Sentencing Commission will have reached the same conclusion as to the proper sentence in the particular case." *Id.*

While *Rita* spoke primarily to those courts of appeals who presumed reasonable a guideline sentence, it also assured district courts that the guidelines are truly advisory. "The sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita*, 127 S.Ct. at 2465. The Court affirmed the broad sentencing discretion district judges possess under *Booker* and stated that they may impose non-guideline sentences by departing or applying the

9

mandate under §3553(a).

The Court in *Rita* stressed the importance of the sentencing judge providing reasons for the sentencing decision. *Id.* at 2468. Although the judge may, absent non-frivolous arguments to the contrary, often say little when he imposes a guideline sentence, he must respond when "a party contests the Guidelines sentence generally under §3553(a) – that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way – or argues for departure[.]" *Id.* The Supreme Court thus placed nothing off-limits for district courts, not even arguments that the guideline reflects "an unsound judgment" generally, but instead placed on district courts the burden to explain why they impose the sentences they do. *Id.*

### D.   Application of the Section 3553(a) Principles and Factors of this Case

Mr. Azoh entered a plea of guilty to Count 1: Wire Fraud, in violation of 18 U.S.C. § 1343. The probation officer prepared a Presentence Report ("PSR"). The officer set the total offense level at 18. That offense level when coupled with Mr. Azoh's criminal history category of I results in advisory guideline imprisonment range of 27-33 months. Mr. Azoh incorporates by reference as if fully setforth herein PSR page 17, para. 83.

#### 1.   The Nature and Circumstances of the Offense

One of the factors the Court is directed to consider under Section 3553 is the nature and circumstances of the offense. Here, the nature and circumstances of Mr. Azoh's role in the offense, and prior contact with the Criminal Justice System, makes a variant sentence reasonable in this case.

The Court must consider the "nature and circumstances of the offense" in determining the sentence to be imposed. 18 U.S.C. 3553(a)(l). Because "atypical cases were not adequately taken into consideration" by the Guidelines "factors that may make a case atypical provide potential bases

for departure. *Koon v. United States,* 518 U.S. 81, 94 (1996) (quoting Guidelines).

### The Court Should Also Consider the Collateral Consequences of the Conviction.

Mr. Azoh has lost nearly everything he has worked for**.** The Court should also consider the collateral consequences of a conviction. In *United States v. Wachowiak*, 412 F. Supp.2d 958, 963 – 64 (E.D. Wis. 2006) the court imposed a sentence well below the guideline range because "the guidelines failed to account for the significant collateral consequences defendant suffered as a result of his conviction. His future career as a teacher was ruined, and he was compelled to resign as piano teacher of children . . . [and will be] forced to live with the stigma of being a convicted sex offender." *See also United States v. Samaras*, 390 F.Supp.2d 805, 809 (E.D. Wis. 2005) (lower sentence appropriate because defendant lost good public sector job as consequence of conviction – factor not considered by guidelines); *United States v. Stone*, 374 F. Supp.2d 983 (D.N.M. 2005) (sentence 18 months under guidelines appropriate in case where defendant lost employment and wife as result of conviction; "court concludes that a sixty month term of incarceration, coupled with Stone's personal losses, reflects the seriousness of his offense, promotes respect for the law, and provides just punishment"); *United States v. Redemann*, 295 F. Supp.2d 887 (E.D.Wis. 2003) (departing downward when defendant suffered collateral consequences from conduct including loss of his business); *United States v. Adelson*, 441 F.Supp.2d 506 (S.D.N.Y. 2006) (in securities fraud where guidelines called for life sentence, court imposed 42 months noting that factor of specific deterrence accounted for because "with his reputation ruined by his conviction, it is extremely unlikely that he would ever involve himself in future misconduct.")

In *United States v. Redemann*, 295 F.Supp.2d 887, 896 (E.D. Wis. 2003), a pre-*Booker* case, the district court departed downward because it believed a guideline sentence was greater than necessary to satisfy purposes of sentencing. The Court stated, "Courts have long recognized that

11

where the sentence called for by the guidelines would result in punishment greater than necessary the court can depart downward." Because of all of the collateral consequences of his conviction, including the impact it had on his health, his business, his reputation, the Court found that "the primary purposes of sentencing were partially achieved before the case was filed. . . and [the collateral punishment] partially satisfied the need for just punishment" and deterrence. *Id.* at 897. *See also, United States v. Gaind*, 829 F. Supp. 669, 670 (S.D.N.Y. 1993) (departure granted in part because the destruction of the defendant's business already achieved to a significant extent some of the objectives otherwise required to be sought through the sentencing process.)

We have already explained some of the collateral consequences Mr. Azoh has faced.

## II.     The Circumstances and History of the Defendant

Section 3553 also directs the Court to consider the circumstances and history of the Defendant when determining what sentence is appropriate. In determining the particular sentence to be imposed, 18 U.S.C. 3553(a)(l) directs the Court to consider the "history and characteristics of the defendant." Mr. Azoh has strong ties with his family and plays an indispensable role in the lives of his wife, his children, mother and his siblings. (See attached letters in support). Accordingly, any sentence within the Guidelines range would be far greater than necessary to achieve the 3553 sentencing goals, and a variant sentence is warranted. Mr. Azoh incorporates by reference as if fully set forth herein PSR pages 12, 13 & 14, paras. 49-55.

Mr. Azoh is a 42-year-old man who recently recovered from cancer incorporates by reference as if fully set forth herein PSR page 21 para. 111. He is married with two (2) minor children who are United States Citizens. Mr. Azoh incorporates by reference as if fully set forth herein PSR page 13, para. 53.

While Mr. Azoh has maintained employment over a long period of time, good relationship with his family, however, he accepted responsibility in this case. Mr. Azoh incorporates by reference as if set forth here, pages 15 & 16, paras. 70-75; page 9, para. 36. This history of redeemable qualities should be considered when determining what sentence is reasonable under § 3553.

The Court should consider Mr. Azoh's history of employment and contributions to society through his work. Mr. Azoh has no criminal history. Mr. Azoh does not come from wealth or privilege – he is in the very truest sense of the word a self-made man.

### III.     The Need to Avoid Unwarranted Sentencing Disparities

The need to avoid unwarranted sentencing disparities is another consideration under Section 3553. Imposition of a sentence inside the guideline range would in this instance increase sentence disparities among defendants with similar records found guilty of similar conduct, rather than avoid such disparity, as called for by USSG.

The Federal Sentencing Guideline Manual Ch. 1, Pt. A. § 2 states that 'If…a particular case presents a typical feature, the Act allows the court to depart from the guidelines and sentence outside the prescribed range."

The Court is required to consider relevant policy statements of the Sentencing Commission. 18 U.S.C. § 3553(a)(5). The Court is required to avoid unwarranted disparities in imposing a sentence. 18 U.S.C. § 3553(a)(6). It is also required to impose a sentence that will promote respect for the law. *Id*. § 3553(a)(2)(A).

### Mr. Azoh Can Contribute Much to Society If He Receives a variance Rather than Be a Drain on Society If Incarcerated for a long time.

Many friends have noted that if Mr. Azoh re-enters in the community they expect Mr. Azoh will be able to continue to contribute in large ways to the human condition.

It is appropriate for the Court to consider the costs of incarceration and to weigh that against the necessity for it and other alternatives available to the Court. *See e.g., United States v. Moreland*, 366 F.Supp.2d 416, 422 (S.D.W.Va., 2005); *United States v. Angelos*, 345 F. Supp.2d 1227 (D. Utah 2004); *United States v. Chavez*, 230 F.3d 1089, 1092 (8th Cir. 2000 (Bright, J., concurring); *United States v. Hughes*, 825 F. Supp. 866, 868 (D. Minn. 1993).

In *United States v. Baker*, 445 F.3d 987, 992 (7th Cir. 2006) the Court noted that a sentence below that recommended by the guidelines was appropriate because prison time is more significant for a first offender and this impacts on the statutory factors of just punishment and adequate deterrence. *See also United States v. Cull*, 446 F. Supp.2d 961, 965 (E.D.Wis. 2006) (sentence below guidelines was appropriate when defendant had never been imprisoned before because the imposed sentence "was sufficient to impress upon him the seriousness of the offense and to deter others under similar circumstances"); *United States v. Qualls*, 373 F. Supp.2d 873, 877 (E.D.Wis. 2005) ("generally a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend."); *see also, United States v. Bariek*, 2005 WL 2334682, *5 (E.D. Va. Sept. 23, 2005) (when guidelines called for sentence of 37 to 46 months for sending funds to Afghanistan, court found greater sentence than necessary and imposed 18 months in part because "this is the defendant's first criminal offense. . . he has maintained stable employment, has supported his family, and has become a well-respected member of the Afghan community. Further there is no indication that the defendant poses a risk of recidivism."). That is Mr. Azoh.

**IV.     The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense, to Afford Adequate Deterrence, to Protect the Public from Future Crimes and to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment**

Some of the very statutory factors which are the ultimate guide to sentencing decisions post-*Booker* clearly argue in favor of less prison time, not more. With a defendant ultimately suffering from the stigma of conviction, for example, there is facially less need for the sentence imposed to protect the public from further crimes of the defendant, but to provide the defendant with needed educational or vocational or correctional training and/or treatment.

"Though punishing a particular individual may incapacitate him for awhile and may deter others, as a general rule, the threat of punishment is an unproductive method for achieving behavioral change….. Most criminologists have concluded, instead, that it is an individual's perception of the probability of getting caught that serves as a greater than the severity of the sanction." James M. Lager, *Overcoming Cultures of Compliance to Reduce Corruption and Achieve Ethics in Government*, 41 MCGEORGE L. REV., 63, 70 (2009).

That is particularly true in a case like this, involving a dedicated husband and father. The government's objective of discouraging others has been achieved. Whether Mr. Azoh receives a variance in his sentence versus a guideline period of incarceration is not likely to have any additional impact on general deterrence. Accordingly, in this instance more than 5-month sentence of imprisonment is harsher than necessary to achieve the objective of general deterrence.

Mr. Azoh is a 42-year-old man who recently recovered from cancer. He is a hard worker and has consistently maintained steady employment since the time he was old enough to work. He is also the provider and caregiver for his wife and two (2) minor children. He has prior criminal convictions. Statistically, he presents among the lowest risks possible for recidivism. See U.S.

Sentencing Commission, *Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines*, A Component of the Fifteen Year Report on the U.S. Sentencing Commission's Legislative Mandate (May 2004).

Nor can it promote respect for the law to give Mr. Azoh a prison sentence that can quite credibly be viewed as greater than the sentence he likely would have received if there were no guideline as to his actual role in this offense. In light of the sentencing disparity outlined above, and the other factors outlined by section 3553 including the nature and circumstances of the offense/role and the character of Mr. Azoh, the circumstances of this case, Mr. Azoh requests that the Court impose a sentence that that is not greater than necessary, a variance.

A variance sentence reflects the seriousness of Mr. Azoh's role, while at the same time accounting for the circumstances surrounding this offense and his individual circumstances, operates to promote respect for the law and to provide just punishment for the offense. A variant sentence operates to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to protect the public and to provide Mr. Azoh with needed educational or other correctional treatment and decrease the chances that he would return to Court, *albeit* there is a zero to low risk of recidivism in light of his role in this offense and his age at this time. Mr. Azoh has learnt his lesson from this case.

Respect for the law is promoted not by long sentences, but by justice tempered with mercy. Respect for the law is not born of unnecessarily lengthy sentences, but of sentences appropriate for each individual defendant under the particular circumstances of the case. Why else would Congress dictate that the sentencing court determine what sentence is "sufficient but not greater than necessary" to satisfy the purposes of sentencing?

Mr. Azoh has already been incarcerated without bond since January 8, 2021. In terms of rehabilitation, Mr. Azoh has learnt his lesson from this case. There is already a strong deterrence value in the fact that Mr. Azoh has already served about 10 months of any sentence imposed.

Finally, the ends of justice will be served if Mr. Azoh is sentenced to time served/probation.

## **RESTITUTION/FORFEITURE**

Restitution was calculated in the total amount of no less than $158,000.00 in this case.

## **FINE**

The defense agrees with the finding that Mr. Azoh does not have adequate resources to pay any fine or the cost of incarceration or supervision upon release in page 16 & 17, paras. 76-81 of the PSR.

In terms of retribution, regarding this criminal act, it is safe to say that they are no identifiable victims that will be compensated through a restitution order by this Honorable Court.

Finally, there is no point in sentencing Mr. Azoh within or over and above the guideline because he has not been found guilty of a traditional violent crime or potentially dangerous crime.

> … the Sentencing Guidelines do not displace the traditional role of the district court in bringing compassion and common sense to the sentencing process. … In areas where the Sentencing Commission has not spoken … district Courts should not hesitate to use their discretion in devising sentences that provide individualized justice". *U.S. v. Williams*, 65 F. 3d 301, 309-310 (2d Cir. 1995).

Under the above-described circumstances, "individualized justice" for Mr. Azoh is a sentence of time served with no period of supervised release if on probation in the interest of Justice. Mr. Azoh incorporates as if fully set forth in herein PSR page 19 & 20, paras. 101-104.

**WHEREFORE,** for all the above stated reasons and for such other reasons offered at the sentencing hearing, the Defendant, **FONJECK ERIC AZOH**, respectfully requests that this Court make such requested findings and consider the combination of sentencing factors herein and the PSR.

Respectfully submitted,

THE IWEANOGES FIRM, P.C.            Fonjeck Eric Azoh
                                    Defendant by Counsel

By: ____/S/JohnOIweanoge/S/_____
    John O. Iweanoge, II
    IWEANOGE LAW CENTER
    1026 Monroe Street, NE
    Washington, DC 20017
    Phone:  (202) 347-7026
    Fax:    (202) 347-7108
    Email:  joi@iweanogesfirm.com
    Attorneys for Defendant


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of November, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John Witherspoon Borchert, AUSA
United States Attorney's Office
for the District of Columbia
555 Fourth Street, NE
Washington, DC 20001


Dated: 11th day of November, 2021.            ____/S/JohnOIweanoge/S/_____
                                                   John O. Iweanoge, II

18